**FILED**
**Jun 13, 2018**
**09:58 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **GUILLERMO A. RUANOVA,** | ) | **Docket No. 2016-06-1925** |
| | ) | **Docket No. 2017-06-1668** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 33552-2015** |
| | ) | **State File No. 69245-2017** |
| **WESTERN EXPRESS, INC.,** | ) | |
| | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

---

## EXPEDITED HEARING ORDER DENYING REQUEST FOR
## TEMPORARY DISABILITY AND MEDICAL BENEFITS

---

At an Expedited Hearing on May 23, 2018, Mr. Ruanova requested temporary disability and medical benefits for two work injuries: a fall from the sleeping berth of a Western Express truck and a motor vehicle accident that occurred six days later.  Western Express asserted it provided medical treatment for Mr. Ruanova's injuries, and that no treatment is currently recommended by a treating physician.  It further asserted it owes Mr. Ruanova no temporary disability benefits.  For the reasons below, the Court denies Mr. Ruanova's request for temporary disability and medical benefits.

### History of Claim

Mr. Ruanova worked as a trainee driver for Western Express.  On March 25, 2015, while he rested in a truck's sleeping berth, the driver of the truck slammed on the brake, causing Mr. Ruanova to fall, injuring his neck and back.  Six days later, Mr. Ruanova alleged his neck and back injuries worsened when another vehicle collided with the back of his Western Express trailer.

Western Express provided treatment for Mr. Ruanova's injuries.  Following initial treatment at Nashville General Hospital, Mr. Ruanova saw Dr. Joseph Benson, who

1

assigned work restrictions and treated Mr. Ruanova for a thoracic and cervical strain. Dr. Benson then referred Mr. Ruanova to a neurologist.

Western Express provided a panel of neurologists from which Mr. Ruanova selected Dr. W. Garrison Strickland. At the first appointment, Dr. Strickland noted Mr. Ruanova's complaints of "headache, neck pain, bilateral shoulder pain, left elbow pain, mid back pain and low back pain." Dr. Strickland added, "[S]tates he hurts all over." The medical record reflects that Mr. Ruanova fully explained both accidents to Dr. Strickland. Dr. Strickland ordered MRIs and referred Mr. Ruanova to Dr. Mitchell K. Schwaber to treat his dizziness. After an EEG proved normal, Dr. Schwaber released Mr. Ruanova from his care without restrictions.

After diagnostic testing, Dr. Strickland noted "no significant abnormalities" from the "MRI brain, MRI C-spine, MRI T-spine and MRI L-spine." On August 31, Dr. Strickland recommended Mr. Ruanova return to work without restrictions. In November, he released Mr. Ruanova from his care and indicated he would see him as-needed.

Almost a year later, Mr. Ruanova's former counsel wrote Dr. Strickland to ask whether Mr. Ruanova's initial injuries "were more likely than not aggravated by his motor vehicle accident on March 31, 2015." Dr. Strickland said no.

In December 2016, Western Express provided another panel of neurologists, and Mr. Ruanova selected Dr. Steven Graham. Dr. Graham concluded Mr. Ruanova reached maximum medical improvement, retained no permanent neurological impairment, and needed no work restrictions. He noted Mr. Ruanova's complaints of recurrent neck, back and shoulder pain, but found no "neurological exam abnormalities . . . no loss of motor strength, no loss of balance, and no loss of sensory function." Dr. Graham recommended no additional treatment.

Mr. Ruanova acknowledged that Western Express paid for all of his medical treatment and also paid him a higher wage on light duty than he earned pre-injury. Western Express terminated Mr. Ruanova shortly after Dr. Strickland released him to work full duty.[1]

## Legal Principles and Analysis

Mr. Ruanova has the burden to prove every element of his claim but need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, Mr. Ruanova must present sufficient evidence that he

---

[1] Western Express's counsel elicited testimony during cross-examination to explain Mr. Ruanova's termination. However, the Court declines to address whether Mr. Ruanova was terminated for cause, as Dr. Strickland had released him to work full-duty at the time of his termination.

2

would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

At the hearing, Mr. Ruanova sought compensation for his employer's negligence in handling his injuries. However, the exclusive remedies provided by the Workers' Compensation Law prohibit Mr. Ruanova from recovering damages for negligence from his employer, Western Express. *See* Tenn. Code Ann. § 50-6-108(a) ("The rights and remedies granted to an employee subject to this chapter , on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee[.] ").

Western Express argued that Mr. Ruanova's March 31 injury is barred by the statute of limitations. However, it did not raise that issue in the Dispute Certification Notice. "Unless permission has been granted by the assigned workers' compensation judge, only issues that have been certified by a workers compensation mediator within a dispute certification notice may be presented . . . for adjudication." *Id*. at § 50-6-239(b)(1). Thus, the Court will not address the statute of limitations defense.

An employer is required to provide injured workers "such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." *Id*. at § 50-6-204(a)(1)(A). Likewise, employees are required to "accept the medical benefits afforded under this section" provided that the "employee has suffered an injury and expressed a need for medical care" and selected a treating physician from the employer's panel. *Id*. at § 50-6-204(a)(3)(A)(i). When the selected physician refuses to see the employee for his continuing symptoms, the employer is required to provide a new authorized treating physician. *See Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Sept. 12, 2017).

Here, the Court finds Western Express provided Mr. Ruanova with the benefits that the law entitled him to receive. It provided him with several panels for treatment of his injury, and the treating doctors all treated and released Mr. Ruanova without assigning restrictions or impairment ratings. The doctors also did not instruct him to return for additional care. Accordingly, while Mr. Ruanova has the right to reasonable and necessary medical treatment for his injuries, no physician has recommended additional treatment at this time. The Court declines to substitute its judgment concerning Mr. Ruanova's need for additional care for that of trained physicians. Therefore, Mr. Ruanova's request for additional medical treatment is denied.

As for temporary disability benefits, Mr. Ruanova acknowledged earning more money while on restricted duty than he earned at the time of his injury. He received pay at this greater rate until his termination, which occurred after Dr. Strickland released him to return to full-duty work. Thus, Western Express paid him more money in wages during his period of disability than the lesser amount required under the Workers'

Compensation Law.  Therefore, Mr. Ruanova's request for temporary disability benefits is denied.

It is **ORDERED** as follows:

1. Mr. Ruanova's request for temporary disability and medical benefits is denied at this time.

2. **This matter is set for a Scheduling Hearing on July 23, 2018, at 10:30 a.m. (CDT).**  The parties or their counsel must call (615) 741-2113 or (855) 874-0474 toll-free to participate.  Failure to call may result in determination of issues without that party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED JUNE 13, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:

1. Affidavit of Guillermo Ruanova
2. Medical Records
3. Causation Letter from Dr. Strickland
4. First Reports of Injury
5. Panel Selection Forms
6. Driver's Comments
7. Wage Statement
8. Employment Application

Technical Record:

1. Petitions for Benefit Determination
2. Dispute Certification Notices
3. Requests for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on June 13th, 2018

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Guillermo A. Ruanova, Self-represented Employee | | | X | natcheztraceins. @comcast.net |
| Rachel Hogan, Employer's Attorney | | | X | rhogan@ortalekelley.com; dsaulters@ortalekelley.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):** _____ At Hearing: ☐ Employer ☐ Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____

LB-1099    rev.4/15                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____ 2. Address: _____

3. Telephone Number: _____ 4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental  $ _____ per month

    Groceries        $ _____ per month      Telephone    $ _____ per month

    Electricity      $ _____ per month      School Supplies $ _____ per month

    Water          $ _____ per month      Clothing     $ _____ per month

    Gas            $ _____ per month      Child Care   $ _____ per month

    Transportation  $ _____ per month      Child Support  $ _____ per month

    Car            $_____ per month

    Other         $ _____ per month (describe: _____ )

10. Assets:

    Automobile          $ _____      (FMV) _____

    Checking/Savings Acct. $ _____

    House             $ _____      (FMV) _____

    Other             $ _____      Describe:_____

11. My debts are:

Amount Owed                          To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires:_____